# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICKY ENDICOTT,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0984**  (BOR Appeal No. 2051978)
                        (Claim No. 2016024195)

**BLUE CREEK MINING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ricky Endicott, by Donald C. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Blue Creek Mining, by Henry C. Bowen, its attorney, filed a timely response.

The issue on appeal is the compensability of Mr. Endicott's claim for workers' compensation benefits. The claims administrator denied his claim on May 12, 2016. The Office of Judges reversed the claims administrator in its May 3, 2017, Order and found the claim compensable for a low back injury, lumbar radiculopathy, and dorsalgia. The Order was reversed by the Board of Review on October 11, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Endicott alleges he injured his back on January 4, 2016, when he had to bend down while walking through a 3x3 man door. An incident investigation report was completed by Joey White, a supervisor, the next day. The report states that Mr. White was told of Mr. Endicott's back pain the previous day. Mr. White discussed proper body placement while handling man doors with him. Mr. White noted Mr. Endicott had a back strain.

Prior to the January 4, 2016, incident Mr. Endicott had a history of lumbar spine problems. On January 26, 2010, Jerry Scott, M.D., performed an independent medical evaluation

1

of Mr. Endicott. The evaluation was for an August of 2009, injury that occurred when Mr. Endicott was striking a piece of pipe with a sledge hammer to tighten a joint. Mr. Endicott had a 2007 low back injury and underwent surgery for his low back in February of 2008. He continued to have low back pain following the surgery. Dr. Scott diagnosed a history of lumbar sprain/strain superimposed on preexisting disc disease of the lumbar spine. In between that evaluation and the January 4, 2016, incident, Mr. Endicott also had a surgery in October of 2014 and then in November of 2015, he underwent a L5-S1 hemilaminectomy.

Following the January 4, 2016, incident, on March 15, 2016, Samantha Owens prepared a statement regarding an injury to another employee. Mr. Endicott was that employee's supervisor and the statement says that Mr. Endicott failed to follow accident protocol. Mr. Endicott was verbally warned that failure to comply with company policy would not be tolerated.

Jeffrey Mullen, D.O., a physician in the emergency room at Charleston Area Medical Center, treated Mr. Endicott for back pain on March 20, 2016. Mr. Endicott provided a history of lumbar spine problems with the most recent injury occurring in January of 2016. Upon examination, Dr. Mullen noted full range of motion of the lower extremities, and 5/5 strength in the lower extremities. He also noted that Mr. Endicott had discomfort in the lumbar spine with flexion and extension, but he had full range of motion. Dr. Mullen diagnosed lumbar back pain with lumbar radiculopathy. He also completed the employees' and physicians' report of occupational injury. He noted the body part injured was the back; the initial treatment was on March 20, 2016; and he diagnosed lumbar radiculopathy and dorsalgia. The claims administrator denied Mr. Endicott's claim on May 12, 2016, because he failed to give immediate notice of the injury and failed to seek medical attention until March 20, 2016.

Mr. Endicott testified by deposition on December 16, 2016, that he injured his back on January 4, 2016, when he bent down to go through a 3x3 door. He was carrying about five to ten pounds of equipment and thought he twisted the wrong way. His back tensed up and tightened. He was alone when this happened, and no one saw it. Mr. Endicott was able to continue working and finish his shift that night. On March 14, 2016, an employee he supervised was injured and needed to go to the hospital. Mr. Endicott picked the employee up and brought him to the outside of the mine. Mr. Endicott told the employee to fill out an accident report and an ambulance waiver. Mr. Endicott went back into the mine thinking the dispatcher would have the employee fill out the required paperwork.

Mr. Endicott testified that he did not seek medical treatment until March 20, 2016, because he tried to treat the pain on his own with ice and ibuprofen. By March 20, 2016, his back pain and stiffness had become unbearable. He told Joey White that he was going to the doctor that day. Mr. Endicott said he now has a herniated disc on the left side of his low back. He has pain in the lower back. His left leg aches and goes numb. He has gone through physical therapy, pain management, and epidural injections. Mr. Endicott alleged that he did not seek medical treatment because he needed to continue working and he did not think it was that serious. He continued to work every day and continued to go through the man doors. He had previous injuries and surgeries to his lumbar spine. He could not recall if he had requested his 2014 claim

be reopened for treatment or not. Mr. Endicott stated that he also could not recall if his claim had been reopened. He was not having any pain in his lower back prior to January 4, 2016.

The Office of Judges reversed the claims administrator's decision and held the claim compensable for a low back injury, lumbar radiculopathy, and dorsalgia on May 3, 2017. The Office of Judges noted the incident investigation report completed by the employer documents the fact that Mr. Endicott had an injury on January 4, 2016. It also found that while Mr. Endicott delayed seeking medical treatment, he provided credible evidence explaining his reluctance to seek medical treatment. The Office of Judges found Mr. Endicott's reprimand for not following a safety reporting issue was a personnel matter. It determined that a preponderance of the evidence demonstrated that Mr. Endicott sustained an injury in the course of and as a result of his employment. Therefore, the Office of Judges reversed the claims administrator's decision and held the claim compensable for a low back injury including lumbar radiculopathy and dorsalgia.

In its October 11, 2017, decision, the Board of Review adopted the findings of fact of the Office of Judges but found its analysis and conclusions were clearly wrong. The Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's denial of the claim. The Board of Review noted that Mr. Endicott continued to work and did not seek medical treatment until two and a half months after the injury and after he was reprimanded for failing to comply with a safety policy. The Board of Review found that the evidence was "insufficient to support the credibility of the claimant's application and the compensability of this claim".

After review, we agree with the reasoning and conclusions of the Board of Review. Mr. Endicott had lumbar spine surgery two months prior to this alleged injury. He continued to bend and move through the door for two and one half months following the January 4, 2016, incident. When he finally sought medical treatment, he went to emergency room at Charleston Area Medical Center, not his treating surgeon or his family physician. A diagnosis of lumbar radiculopathy and dorsalgia, or back pain, more than two months after the twisting incident is not evidence of an injury. Therefore, the Board of Review was correct to reverse the Office of Judges and reinstate the decision of the claims administrator.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**

Justice Robin J. Davis

Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**

Chief Justice Margaret L. Workman